IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MISS CATHERINE RANDOLPH      *
         Plaintiff,
   v.      *     CIVIL ACTION NO. ELH-15-916

U.S. ATTORNEY GENERAL      *
  DEPARTMENT OF JUSTICE
  ERIC HOLDER, JR.      *
         Defendant.
                               *****

MEMORANDUM

On March 30, 2015, plaintiff, Catherine Randolph, a resident of Shamrock Avenue in Baltimore, Maryland, filed this self-represented action, naming Eric Holder, Jr., the United States Attorney General, as the defendant.[1] She predicates jurisdiction on "Unfair discrimination – Racketeer Influenced and Corrupt organization with intentional disclosure (wiretap with declaratory messages to social media)."

In her statement of facts plaintiff states:

"I am requesting the U.S. District Court of Maryland to grant my relief –recovery of civil damages 18 U.S.C. [§] 2520 authorized – stop intentional disclosure (wiretap) prohibited advertising violation 18 U.S.C. [§] 2513 (judicial forfeit). U.S. Attorney General of Maryland has the power to do so however refuse here in violation 18 U.S.C. [§] 2521 and 47 U.S.C. [§] 743 (sanctions). Please consider good faith reliance on court warrant, grand jury subpoena, and law enforcement to stop illegal wiretap by unknown defendants (home business at 4234 Shamrock Avenue, Baltimore, Maryland 21206) commercial fraud is prohibited. I am deprived due process of law, rights to free speech, free press and against unreasonable searches by 1st, 4th, and 5th Amendment. I need equal justice – 7th Amendment. Please declare action to stop intentional intercept (wiretap) violation 42 U.S.C. [§] 1985, 18 U.S.C. [§] 2513, and recovery civil damages 18 U.S.C. [§] 2520 – mandate grant relief: statutory damages, punitive damages, loss time,- loss wages → false arrest public court record disclosure – case closed (not guilty) and litigation cost (pro se)."

---

[1] Mr. Holder is no longer the Attorney General.

ECF No. 1 at 2.[2]   Plaintiff seeks preliminary and permanent injunctive relief in the form of a protection order, declaratory relief, and $3 Billion dollars in damages.[3]  *Id*. at pg. 3.

Plaintiff has moved to proceed in forma pauperis.  ECF No. 2.  Because she appears indigent, plaintiff's motion to proceed, without the prepayment of the civil filing fee, shall be granted.  Her complaint shall, however, be summarily dismissed.

Title 28 U.S.C. Section 1915(e)(2)(B) provides:

>   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> 
>   (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

Pursuant to 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted.  Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints.  *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a non-prisoner complaint); *Troville v. Venz,* 303 F.3d 1256, 1260 (11th

---

[2] Accompanying the complaint are copies of federal statutes relating to wire or radio communications of common carriers and civil damages for disclosure of said communications. ECF No. 1 at Ex. 1.

[3] The court observes that plaintiff has filed several prior cases regarding alleged wiretapping and interception of communications.  *See Randolph v. State of Maryland*, Civil Action No. GLR-14-2713 (D. Md.); *Randolph v. New Technology*, Civil Action No. ELH-14-3068 (D. Md.); *Randolph v. Baltimore City States Attorney*, Civil Action No. WDQ-14-3176 (D. Md.); *Randolph v. U.S. Attorney General*, Civil Action No. GLR-14-3298 (D. Md.); *Randolph v. United States, et al.*, Civil Action No. JFM-14-3609 (D. Md.); *Randolph v. U.S. Attorney*, Civil Action No. CCB-15-9 (D. Md.); *Randolph v. Holder*, Civil Action No. JKB-15-314 (D. Md.); *Randolph v. Holder, et al.*, Civil Action No. JFM-15-552 (D. Md.); and *Randolph v. U.S. Attorney General,* Civil Action No. CCB-15-785 (D. Md.).  All complaints were summarily dismissed.

Cir. 2002) (applying § 1915(e) to non-prisoner actions); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

A complaint is frivolous if it is without "an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case, plaintiff is self-represented. When reviewing a complaint filed by a self-represented litigant, courts hold it "to less stringent standards than formal pleadings drafted by lawyers…" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court, however, may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 404 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a self-represented plaintiff's pleadings are to be liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). It is axiomatic that "the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him ...." *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009). In addition, Supreme Court precedent leaves no doubt that the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, and "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v*. *Iqbal,* 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). Although the plausibility standard is not akin to a "probability requirement," it asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, when a complaint

pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*  This "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *See Francis,* 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557).

Sections 2512 and 2513 of Title 18 of the U.S. Code are criminal statutes and do not provide a basis to impose civil liability. *Flowers v. Tandy Corp.*, 773 F.2d 585, 588-89 (4th Cir. 1985).[4]  Moreover, to the extent that plaintiff asserts she is a crime victim, this court has no authority to initiate criminal charges. In our legal system, the decision whether or not to prosecute, and for what offense, rests with the prosecution. *See*, *e.g.*, *Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012). If plaintiff seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities.

Further, the factual assertions and legal conclusions raised in the document speak for themselves.  They amount to rambling, convoluted statements of blanket criminal and civil rights violations.  The allegations are "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P 12(b)(1).  *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  The document contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and must be dismissed.

---

[4] To the extent that 18 U.S.C. § 2520 permits a civil action, plaintiff has failed to set out a basis for such a claim, as discussed, *infra*.

For the aforementioned reasons, the court hereby dismisses the case for failure to state a claim against defendant. A separate Order follows.

Date: April 2, 2015                                    /s/
                                               Ellen L. Hollander
                                               United States District Judge